UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SETH TUCKER,

    Plaintiff,

v.                                     Case No. 1:20-cv-6

PETER ROBERTS & ASSOCIATES, INC.,

    Defendant.

## PLAINTIFF'S COMPLAINT

Plaintiff, SETH TUCKER ("Plaintiff"), through his attorneys, alleges the following against Defendant, PETER ROBERTS & ASSOCIATES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

5. Plaintiff is a natural person residing in the City of Concord, Merrimack County, State of New Hampshire.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a Massachusetts business corporation and national debt collection agency with its headquarters in the Town of Milford, Worcester County, Commonwealth of Massachusetts.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

## FACTS

14. Within the one year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding consumer debt.

15. In February 2019, in its attempt to collect the alleged debt owed by Plaintiff, Defendant sent Plaintiff a collection letter dated February 25, 2019 (hereinafter, "Collection Letter"). (A true-and-correct copy of which is attached hereto as Exhibit A).

16. The Collection Letter, *inter alia*, states that:

> Our collection associate attempted, but was unable to speak with you recently in reference to your debt with CONCORD HOSPITAL. Our intention was to discuss this matter in order to resolve it immediately on a voluntary basis. As per our previous correspondence, it is still our desire, on behalf the creditor, to settle the matter amicably.
>
> We urge you to participate in the decision-making process to resolve your debt. If we do not hear from you, collection efforts will continue on behalf of the creditor.
>
> This is an important matter. Please send payment in full or contact our office to advise us of your intentions to honor this debt[.] This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

17. The Collection Letter employs false, deceptive, or misleading representations.

18. The Collection Letter contains veiled and empty threats of legal action.

19. To date, Defendant has not sued Plaintiff.

20. Defendant has never intended to sue Plaintiff.

21. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

22. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owed.

23. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

24. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection

with the collection of an alleged debt when Defendant sent Plaintiff the Collection Letter which contains veiled and empty threats of legal action;

b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

c. Defendant violated §1692e(2)(A) of the FDCPA with its false representation of the character, amount, or legal status of any debt when Defendant sent Plaintiff the Collection letter which contains veiled threats of legal action against Plaintiff it did not intend to take;

d. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant sent Plaintiff the Collection letter which contains veiled threats of legal action against Plaintiff it did not intend to take;

e. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt with the language it used in the Collection Letter; and

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

26. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, SETH TUCKER, respectfully requests judgment be entered against Defendant, PETER ROBERTS & ASSOCIATES, INC., for the following:

27. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

28. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

29. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

30. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

By: /s/ Rosanna T. Fox
Rosanna T. Fox
NH Bar ID: 17693
12 Eldorado Circle
Nashua, NH 03062
603-261-0382 – office
866-526-1602 – facsimile
rosief13@comcast.net
Attorney for Plaintiff